UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JENNETTE K. BENNEMAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PROCTOR & GAMBLE COMPANY, TOM CONSBUCK, PARAAG MADDIWAR, HEAD DOE, JOHN DOE,**<br><br>**Defendants.** | **MASTER FILE: 08-CV-1538 (WJM)**<br><br>**OPINION**<br><br>**HON. WILLIAM J. MARTINI** |

Eldridge Hawkins
55 Washington Street
Suite 309
East Orange, NJ 07017

(*Counsel for Plaintiff*)

Theresa A. Kelly
Day Pitney LLP
PO Box 1945
Morristown, NJ 07962-1945

(*Counsel for Defendants*)

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff has filed a motion to remand this case to state court. Plaintiff argues that the Court lacks subject-matter jurisdiction over the case. The Court finds that it has diversity jurisdiction given that Plaintiff and Defendants are citizens of different states

and that Plaintiff cannot show to a legal certainty that the amount in controversy falls below $75,000.  Accordingly, Plaintiff's motion is **DENIED**.

I.    FACTS AND PROCEEDINGS

This is an employment dispute.  Plaintiff, Jennette Benneman, has sued her employer, Proctor & Gamble Company, and two Proctor & Gamble employees, Tom Consbuck and Paraag Maddiwar.[1]  Plaintiff's complaint asserts state law claims alleging that Defendants discriminated against her because of her gender and race.  The complaint requests damages but does not place a numerical value on those damage.

Defendants removed the case to this Court.  Defendants claimed that the Court had federal diversity jurisdiction over the case since Plaintiff and Defendants were citizens of different states and since Plaintiff could not establish that the amount in controversy was less than $75,000.[2]

Plaintiff now moves to remand.  Plaintiff argues that the Court lacks diversity jurisdiction for two reasons.  First, Plaintiff argues that she and Defendant Maddiwar are both citizens of New Jersey.  Second, Plaintiff argues that the burden of demonstrating

---

[1] Benneman has also named as Defendants a "Head Doe" and a "John Doe," but the Court will ignore such fictitious parties in analyzing this motion.  See Brooks v. Purcell, 57 Fed. Appx. 47, 50 (3d Cir. 2002) (holding that when determining whether diversity jurisdiction exists, courts should disregard any "John Doe and Jane Doe defendants" that Plaintiff has named).

[2] Defendants also claimed that the Court has federal-question jurisdiction over the case since Plaintiff's nominally state-law claims are actually federal claims.  Because the Court finds that it has diversity jurisdiction over the case, it does not reach the question whether it also has federal-question jurisdiction.

that the amount in controversy falls upon Defendants, not her.

**II.     DISCUSSION**

Defendants may remove to federal court a case initially brought in state court if the federal court has subject-matter jurisdiction over that case. 28 U.S.C. § 1441(a). One type of federal subject-matter jurisdiction—diversity jurisdiction—bestows jurisdiction upon federal courts to hear cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction under § 1332(a)(1) exists only if there is "complete" diversity between the parties, that is, where no defendant is a citizen of the same state as a plaintiff. Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). For the purpose of ascertaining diversity jurisdiction, a party's citizenship is synonymous with domicile. Frett-Smith v. Vanterpool, 511 F.3d 396, 399–400 (3d Cir. 2008). A corporation, such as Proctor & Gamble, is a citizen of its state of incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Where a defendant presents evidence material to the determination of diversity jurisdiction, the Court should, after permitting the plaintiff to respond, determine jurisdiction by weighing the evidence presented. Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Where there is no real dispute over these material facts, the court need not conduct an evidentiary hearing. See id. at 177.

Here, there is no real factual dispute that Plaintiff and Defendants are not citizens of the same state. Plaintiff is a citizen of New Jersey. Defendant Maddiwar lives in and

3

is thus a citizen of Ohio, according to his affidavit.  Defendant Consbuck lives in and is thus a citizen of Pennsylvania, also according to his affidavit.  Defendant Proctor & Gamble is incorporated in Ohio, where it maintains its principal place of business, and is thus a citizen of Ohio.  Plaintiff presents no real evidentiary challenge to these facts.  Rather, Plaintiff states baldly that "[o]ur information is that defendant Maddiwar is a citizen of the state of New Jersey."  This unsubstantiated conclusion is insufficient to raise a question of material fact with respect to Defendant Maddiwar's citizenship, particularly in light of Maddiwar's affidavit to the contrary.  Accordingly, the Court finds that complete diversity exists between Plaintiff and Defendants.

Also, Plaintiff has failed to establish that the amount in controversy in this case is less than $75,000.  Where the plaintiff does not specifically aver in her complaint that the amount in controversy is less than the jurisdictional minimum, $75,000 for diversity jurisdiction, the plaintiff on a motion to remand bears the burden of showing "to a legal certainty that the plaintiff *cannot* recover the jurisdictional minimum."  Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007).  Here, as mentioned above, Plaintiff did not aver any numerical amount in controversy in her complaint.  Nor does she present evidence of such an amount in her motion to remand.  Rather, Plaintiff attempts to shift to Defendants the burden of demonstrating the amount in controversy, stating that the proposition that the amount exceeds $75,000 "is not supported by anything."  But as explained above, in this motion to remand, Plaintiff bears the burden of showing the

maximum amount in controversy "to a legal certainty." She has not carried this burden.

### III. CONCLUSION

The Court has diversity jurisdiction over this case. Accordingly, Plaintiff's motion to remand is **DENIED**. An Order accompanies this Opinion.

s/ William J. Martini
William J. Martini, U.S.D.J.
